**THOMAS J. ROMANO, OSB No. 053661**
E-mail:  tromano@khpatent.com
**DAVID C. BOURGEAU III, OSB No. 103476**
E-mail: bourgeau@khpatent.com
**KOLISCH HARTWELL, P.C.**
520 S.W. Yamhill Street, Suite 200
Portland, Oregon   97204
Telephone:  (503) 224-6655
Facsimile:  (503) 295-6679

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **STEEL TECHNOLOGY, LLC,** an Oregon limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>**LIFELINE FIRST AID, LLC**, an Oregon limited liability company,<br><br>Defendant. | Case No. 3:13-cv-01938<br><br>**COMPLAINT FOR PATENT AND TRADEMARK INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

For its complaint, Plaintiff Steel Technology, LLC dba Hydro Flask ("Hydro Flask") alleges against Defendant Lifeline First Aid, LLC ("Lifeline" or "Defendant") as follows:

## NATURE OF THE CASE

1. This is a civil action for patent infringement under the patent laws of the United States, 35 U.S.C. §§ 1 et seq., specifically under 35 U.S.C. §§ 271 and 281, violations of the Lanham Act, and Oregon common law trademark infringement and unfair competition.

## THE PARTIES

2. Hydro Flask is an Oregon limited liability company, having a principal place of business at 561 N.W. York Drive, Bend, Oregon 97701.

3. Upon information and belief, Defendant Lifeline is an Oregon limited liability company having a principal place of business at 26200 S.W. 95th Avenue, Suite 300, Wilsonville, Oregon 97070 and a registered agent at 805 S.W. Broadway, Suite 1900, Portland, Oregon 97205.

4. Upon information and belief, Defendant, acting on its own behalf and/or through an agent, operates a Website on the World Wide Web at http://www.lifelinefirstaid.com ("Defendant's Website").

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), because of the claim under 35 U.S.C. § 271 for patent infringement, and under 28 U.S.C. §§ 1331 and 1338(a) as well as 15 U.S.C. § 1121 because of the claims under 15 U.S.C. §§ 1114(1) and 1125(a) for federal trademark infringement and unfair competition in violation of Section 32(1) and 43(a) of the Lanham Act.

6. This Court has supplemental jurisdiction over Hydro Flask's state law claims under 28 U.S.C. § 1367 because these claims are so related to the claims under federal law that

they form part of the same case or controversy and derive from a common nucleus of operative facts.

7. This Court has personal jurisdiction over Defendant in this action because Defendant resides in Oregon and conducts business in the State of Oregon in connection with the allegations of this lawsuit.

8. Venue is proper in this judicial district under 28 U.S.C. § 1391 because Defendant resides in Oregon and because a substantial part of the events giving rise to the claims herein occurred in Oregon, and under 28 U.S.C. § 1400 because Defendant resides in Oregon, has a regular and established place of business in Oregon, and, upon information and belief, has committed acts of patent infringement in Oregon.

## THE ASSERTED MARKS

9. Since at least as early as May 2011, and prior to the acts alleged herein, Hydro Flask has continuously sold insulated vacuum bottles bearing the asserted product configuration trademark throughout the United States.

10. Hydro Flask owns U.S. Trademark Reg. No. 4,412,546 for the trademarked product configuration of the insulated vacuum bottles, flasks, and growlers that it sells (the "Mark"). This registration is attached as Exhibit A.

11. Hydro Flask provides notice of registration of its products under the Mark, to the extent possible, in compliance with 15 U.S.C. § 1111.

12. Hydro Flask's marketing and sales activities related to its insulated vacuum bottles under the Mark, at least in the State of Oregon, have established common law trademark rights under the laws of the State of Oregon.

## THE ASSERTED PATENT

13. U.S. Design Patent No. D688,912 entitled Wide Mouth Flask ("the '912 patent") was issued on September 3, 2013 to Hydro Flask.

14. Hydro Flask has owned the '912 patent throughout the period of Lifeline's infringing acts, and still owns the '912 patent.

15. The '912 patent covers the ornamental design of a wide mouth flask. A copy of the '912 patent is attached as Exhibit B.

16. Hydro Flask has placed a notice of the '912 patent on any covered products it sells, in compliance with 35 U.S.C. § 287.

## THE ACCUSED PRODUCTS

17. Lifeline markets and sells bottles and growlers. Examples include Lifeline products listed as vacuum-insulated double-wall growlers under model numbers 7500, 7500BK, and 7500WH on Defendant's Website and on page 21 of Defendant's 2013/2014 Catalog (the "Lifeline Growlers"). A copy of relevant excerpts from Defendant's Website and 2013/2014 Catalog are attached as Exhibit C.

## FIRST CAUSE OF ACTION – VIOLATIONS OF THE LANHAM ACT: TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND FALSE DESIGNATION OF ORIGIN

18. The allegations of the preceding paragraphs are hereby incorporated by reference in this section as though set forth fully herein.

19. Since 2011, Hydro Flask has advertised and promoted the sale of its insulated bottles under the Mark. Hydro Flask's goods bearing the Mark have come to be well and favorably known by purchasers who recognize the distinctive product configuration.

20. Hydro Flask has used and continues to use the Mark in commerce throughout the United States, including in Oregon.

21. Hydro Flask's use of the Mark is distinctive in connection with the goods bearing the Mark.

22. Hydro Flask has never authorized Lifeline to use the Mark. Lifeline has no license or authority from Hydro Flask permitting the use of the Mark on bottles, flasks, or growlers.

23. Notwithstanding Hydro Flask's established rights, Lifeline markets, offers for sale, and sells products, including at least the Lifeline Growlers shown in Exhibit C, having a confusingly similar product configuration to Hydro Flask's products bearing the Mark.

24. Lifeline promotes its goods in some of the same or similar channels, and to some of the same or similar consumers as does Hydro Flask.

25. As an example, both Lifeline and Hydro Flask sell their goods through Made in Oregon stores, where the Lifeline Growlers are presented to the consumer in close proximity to the Hydro Flask products bearing the Mark. A photograph showing this proximity in the marketplace, taken at the Made in Oregon store, located at 340 SW Morrison Street, Suite 1300, Portland, Oregon 97204, is attached as Exhibit D.

26. Upon information and belief, Lifeline has engaged in this infringing activity despite having actual knowledge of Hydro Flask's trademark rights in the Mark.

27. Lifeline's actions are likely to lead the public to conclude incorrectly that Lifeline's goods originate with, are related to, or are authorized or sponsored by Hydro Flask, which will damage both Hydro Flask and the public.

28. Upon information and belief, Lifeline's actions are intended to enrich Lifeline.

29. Upon information and belief, Lifeline has advertised and offered its goods for sale using the Mark with the intention of misleading, deceiving, or confusing consumers as to the origin of its goods and of trading on Hydro Flask's reputation and goodwill.

30. Upon information and belief, Lifeline's activities are likely to cause confusion and have caused confusion among Hydro Flask's customers and potential customers.

31. Lifeline's unauthorized use of the Mark in connection with the sale, offering for sale, distribution, and advertising of goods in U.S. commerce is likely to cause confusion, mistake, or deception.

32. Lifeline's unauthorized use of the Mark in interstate commerce as described above constitutes trademark infringement and unfair competition under 15 U.S.C. §§ 1114(1) and 1125(a) and is likely to cause consumer confusion, mistake, or deception.

33. Lifeline's unauthorized marketing and sale of its goods in interstate commerce using the infringing product configuration constitutes a false designation of origin or false representation that wrongfully and falsely designates Lifeline's goods as originating from or connected with Hydro Flask, and constitutes the use of false descriptions or representations in interstate commerce in violation of 15 U.S.C. § 1125(a).

34. Upon information and belief, as a direct and proximate result of Lifeline's trademark infringement and acts of unfair competition, Hydro Flask has suffered irreparable harm to its business and reputation, and also has suffered and continues to suffer damages in an amount to be determined by the trier of fact.

35. Upon information and belief, as a direct and proximate result of Lifeline's trademark infringement and acts of unfair competition, Lifeline has unjustly profited from those acts.

36. Upon information and belief, Lifeline's trademark infringement and acts of unfair competition will cause further irreparable injury to Hydro Flask if Lifeline is not restrained by this Court from further violation of Hydro Flask's rights.

37. Upon information and belief, Lifeline's activities are deliberate and willful.

38. Hydro Flask has no adequate remedy at law.

39. The goodwill and reputation for quality that Hydro Flask has worked hard and long to cultivate has been threatened by Lifeline's actions.

40. Unless Lifeline is enjoined from the use of the Mark on the accused and other products, such use will continue to cause consumer confusion and will continue to cause irreparable harm to Hydro Flask and the public.

### SECOND CAUSE OF ACTION – COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

41. The allegations of the preceding paragraphs are hereby incorporated by reference in this section as though set forth fully herein.

42. Lifeline, by the acts complained of herein, has infringed Hydro Flask's common law trademark rights in the Mark by using the same distinctive product configuration in connection with its goods.

43. Lifeline has competed unfairly with Hydro Flask and has otherwise used the reputation and goodwill of Hydro Flask to offer and sell Lifeline's goods as if they were sponsored, approved by, or connected with Hydro Flask.

44. Lifeline's use of Hydro Flask's Mark on Lifeline's goods constitutes unfair competition and trademark infringement under the laws of Oregon and other States.

### THIRD CAUSE OF ACTION – INFRINGEMENT OF THE '912 PATENT

45. The allegations of the preceding paragraphs are hereby incorporated by reference in this section as though set forth fully herein.

46. Hydro Flask has never authorized Lifeline to make, use, offer to sell, sell, and/or import into the United States products covered by the '912 patent.

47.     Upon information and belief, Lifeline has infringed and is infringing the '912 patent by making, using, offering to sell, selling, and/or importing into the United States products that infringe the '912 patent.

48.     For example, at least the Lifeline Growlers described above and shown in Exhibit C infringe the '912 patent.

49.     Upon information and belief, infringement by Lifeline has been and continues to be willful, with knowledge of the '912 patent and Lifeline's infringement thereof, entitling plaintiff to increased damages under 35 U.S.C. § 284 and to attorneys' fees incurred in prosecuting this action under 35 U.S.C. § 285.

50.     Upon information and belief, infringement by Lifeline will continue unless enjoined by this court.

51.     Hydro Flask has suffered, and will continue to suffer, substantial damages in an amount to be proven at trial, through lost profits, lost sales and/or lost royalties, due to infringement of the '912 patent by Lifeline.

52.     Hydro Flask has suffered, and will continue to suffer, permanent and irreparable injury, for which Hydro Flask has no adequate remedy at law.

53.     Hydro Flask is entitled to relief as provided by 35 U.S.C. §§ 281, 283-285, and 289.

## PRAYER FOR RELIEF

In view of the foregoing, Plaintiff Hydro Flask prays for judgment as follows:

*First and Second Causes of Action*

A.      That Hydro Flask's product configuration Mark has been and continues to be infringed by Lifeline in violation of 15 U.S.C. §§ 1114(1) and 1125(a),

B. That Lifeline's use of the Mark constitutes unfair competition and a false designation of origin in violation of 15 U.S.C. § 1125(a),

C. That Lifeline's use of the Mark violates Oregon common law regarding trademark infringement and unfair competition,

D. That, pursuant to Rule 65 of the Federal Rules of Civil Procedure and 15 U.S.C. § 1116, Lifeline, its officers, agents, servants, employees, attorneys, successors, and/or assigns, and all other persons in active concert or participation with any of them be preliminarily and permanently enjoined from (1) using the Mark in connection with bottles, flasks, and growlers, and (2) continuing any and all acts of unfair competition as herein alleged,

E. That Lifeline be ordered pursuant to Rule 65 of the Federal Rules of Civil Procedure and 15 U.S.C. § 1118, to recall from all retailers and distributors and to deliver up for impounding all goods or materials improperly bearing the Mark,

F. That Lifeline be required to file with this Court, within thirty (30) days after entry of final judgment, a written statement under oath setting forth in detail the manner in which Lifeline has complied with any injunction imposed,

G. That, pursuant to 15 U.S.C. § 1119, the Director of the U.S. Patent and Trademark Office be enjoined from issuing to Lifeline any registration for a product configuration or other mark that would create a likelihood of confusion, mistake, or deception with Hydro Flask's Mark,

H. That, pursuant to 15 U.S.C. § 1117, Hydro Flask be awarded up to three times Lifeline's profits or Hydro Flask's damages, in an amount to be determined at trial, together with prejudgment interest,

I. That Hydro Flask be awarded its damages pursuant to the common law,

Page 9 – COMPLAINT FOR PATENT AND TRADEMARK INFRINGEMENT
    CASE NO. 3:13-CV-01938

J.      That this be declared an "exceptional case" under Section 35(a) of the Lanham Act, 15 U.S.C. § 1117, and that Hydro Flask be awarded its reasonable attorneys' fees and full costs, and

K.      That Hydro Flask be awarded any other remedy to which it may be entitled pursuant to the Lanham Act and Oregon statutory and common law;

*Third Cause of Action*

L.      That Lifeline has infringed, and is infringing, the '912 patent in violation of 35 U.S.C. § 271,

M.      That Lifeline's infringement of the '912 patent is willful,

N.      That Lifeline be preliminarily and permanently enjoined against all acts of infringement of the '912 patent pursuant to 35 U.S.C. § 283,

O.      That Lifeline be required to file with this Court, within thirty (30) days after entry of final judgment, a written statement under oath setting forth in detail the manner in which Lifeline has complied with the injunction of paragraph N,

P.      That Lifeline be required to deliver to Hydro Flask for destruction any and all articles in its possession and/or under its control that infringe the '912 patent, including, but not limited to, the Lifeline Growlers,

Q.      That Lifeline be ordered to pay Hydro Flask the damages that Hydro Flask has suffered due to infringement of the '912 patent by Lifeline, together with interest thereon and costs pursuant to 35 U.S.C. § 284, including profits lost by plaintiffs as a result of infringement of the '912 patent; in any event Hydro Flask shall be awarded no less than a reasonable royalty for the unauthorized sale of the infringing products by Lifeline,

R. That Lifeline additionally be ordered to pay Hydro Flask the total profits obtained by Lifeline from sales of the infringing goods, but in no event less than $250, per 35 U.S.C. § 289, and

S. That this case be declared exceptional pursuant to 35 U.S.C. § 285, and that Hydro Flask be awarded trebled damages and reasonable attorneys' fees; and

T. That, in any event, Hydro Flask be awarded such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff Steel Technology, LLC hereby demands a trial by jury.

DATED this 1st day of November, 2013.

       Respectfully submitted,

       KOLISCH HARTWELL, P.C.

       By s/ Thomas J. Romano
         THOMAS J. ROMANO, OSB No. 053661
         E-mail:  tromano@khpatent.com
         520 S.W. Yamhill Street, Suite 200
         Portland, Oregon   97204
         Telephone:  (503) 224-6655
         Facsimile:  (503) 295-6679
         *Of Attorneys for Plaintiff*